IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| KATE DELP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-06142-CV-SJ-DGK |
| | ) | |
| JOBHOG, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS**

This case arises out of Plaintiff Kate Delp's ("Delp") employment with Defendant Jobhog, Inc. ("Jobhog"). Delp alleges Jobhog violated the Fair Labor Standards Act ("FLSA") by willfully failing to properly pay her "straight" time and overtime.

Pending before the Court is the parties' Joint Motion for Dismissal and Approval of Settlement (Doc. 11). The parties report that they have reached a settlement and, as part of the settlement, have "agreed that the settlement would remain confidential" (Doc. 11 at ¶ 4). The parties "request that the Court dismiss this case, with prejudice, and approve settlement of all claims Plaintiff made or could have made under the Fair Labor Standards Act" (Doc. 11 at ¶ 6).

The FLSA was enacted to protect workers from substandard wages and oppressive working hours. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory" and not subject to negotiation. *Id.* Concerned that settlements made by employees releasing their right to unpaid wages and liquidated damages were not the product of negotiation between equals and did not arise from bona fide disputes, the Supreme Court and federal courts of appeal have restricted litigants' ability to settle FLSA disputes without court approval. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S.

108 (1946) (invalidating settlement agreement in which employees compromised to settle their bona fide dispute concerning coverage under the FLSA); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) (holding the same policies which prohibited waiver of claims for minimum wages or overtime pay forbade waiver of right to liquidated damages); *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (holding settlement which was not approved by the court violated the FLSA).

Where, as here, an employee has sued a private employer for violating the FLSA, in order for any settlement to have a res judicata effect it must be (1) approved by the court as a fair and reasonable resolution of a bona fide dispute over FLSA provisions, and (2) entered by the court as a stipulated judgment. *Copeland v. Abb, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353).

In the present case, the parties have not provided the Court with the proposed settlement agreement. Thus, the Court cannot approve the settlement and dismiss this case with prejudice. Accordingly, the parties' Joint Motion for Dismissal and Approval of Settlement (Doc. 11) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: May 15, 2013  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT