IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| KATE DELP, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 12-06142-CV-SJ-DGK |
| JOBHOG, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING DISMISSAL

This case arises out of Plaintiff Kate Delp's ("Delp") employment with Defendant Jobhog, Inc. ("Jobhog"). Delp has alleged that Jobhog violated the Fair Labor Standards Act ("FLSA") by willfully failing to pay her "straight" time and overtime. Jobhog denies the allegations.

The parties recently sought Court approval of a proposed settlement (Doc. 11). Because the parties did not provide the Court with a copy of the proposed settlement agreement to review as required by the FLSA, the Court denied approval without prejudice (Doc. 12).

Now before the Court is the parties' "Joint Stipulation of Dismissal with Prejudice" (Doc. 13) in which Plaintiff is attempting to dismiss her case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).[1] Rule 41(a)(1) provides that "Subject to . . . any *applicable federal statute*, the plaintiff may dismiss an action without a court order by filing . . . (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1) (emphasis added). The obstacle here is that the FLSA provides that in order for the dismissal to have a res judicata

---

[1] Rule 41(a) outlines two methods under which a plaintiff may voluntarily dismiss her suit, either by court order pursuant to Rule 41(a)(2), or without a court order pursuant to Rule 41(a)(1). Rule 41(a)(2) does not apply in this case because the Court has declined to approve dismissal.

effect (that is, for the case to be dismissed with prejudice), the Court must first approve the dismissal. As the Court previously noted,

> Concerned that settlements made by employees releasing their right to unpaid wages and liquidated damages were not the product of negotiation between equals and did not arise from bona fide disputes, the Supreme Court and federal courts of appeal have restricted litigants' ability to settle FLSA disputes without court approval. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946) (invalidating settlement agreement in which employees compromised to settle their bona fide dispute concerning coverage under the FLSA); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) (holding the same policies which prohibited waiver of claims for minimum wages or overtime pay forbade waiver of right to liquidated damages); *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (holding settlement which was not approved by the court violated the FLSA).
>
> Where, as here, an employee has sued a private employer for violating the FLSA, in order for any settlement to have a res judicata effect it must be (1) approved by the court as a fair and reasonable resolution of a bona fide dispute over FLSA provisions, and (2) entered by the court as a stipulated judgment. *Copeland v. Abb, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353).

(Doc. 12 at 1-2). Thus, Court approval is needed to effect any res judicata resolution of this case, even one stipulated to by the parties.

Accordingly, the parties' "Joint Stipulation of Dismissal with Prejudice" (Doc. 13) is DENIED.

**IT IS SO ORDERED.**

Date: June 25, 2013  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT